**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30088 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-05329-BHS-1 |
| v. | |
| ENRIQUE MELGAR MARTINEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted May 3, 2011[**]
Seattle, Washington

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

Enrique Melgar Martinez was arrested while delivering heroin to a customer

who was acting as a police informant. Martinez appeals the district court's denial

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

of his motion to suppress the heroin recovered during the arrest and his motion for a *Franks* hearing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly denied Martinez's motion to suppress. The tip from the informant provided probable cause to arrest Martinez because there was a "sufficient level of reliability and basis of knowledge for the tip." *United States v. Elliot*, 322 F.3d 710, 715-16 (9th Cir. 2003). The informant gave a detailed description of how she ordered and received heroin from Martinez, which was corroborated when she placed an order in the officers' presence and Martinez arrived to deliver the drugs. *See United States v. Rowland*, 464 F.3d 899, 907-08 (9th Cir. 2006). In addition, the informant had provided the police with reliable information on multiple past occasions. *See id.*; *United States v. Angulo-Lopez*, 791 F.2d 1394, 1397 (9th Cir. 1986) ("If an informant has provided accurate information on past occasions, he may be presumed trustworthy on subsequent occasions.").

The district court also properly denied Martinez's motion for a *Franks* hearing. The court did not clearly err in concluding that the officer's statement in the affidavit that the informant "requested 10 ounces of black tar heroin" from Martinez was neither false nor, even if false, intentionally made. *See Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). The informant told the officers that she

2                                                                                                      10-30088

always ordered 10 ounces of heroin from Martinez.  After placing the order, she

confirmed that Martinez would be delivering 10 ounces of drugs.

**AFFIRMED.**